

# Fourth Court of Appeals
## San Antonio, Texas

June 23, 2015

No. 04-15-00321-CR and 04-15-00322-CR

Bryan Krystopher **ANDERS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 175th Judicial District Court, Bexar County, Texas
Trial Court No. 2015CR1954 and 2015CR1955
Honorable Mary D. Roman, Judge Presiding

## O R D E R

The trial court's certification in each of these appeals states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." The clerk's record in each appeal contains a written plea bargain, and the punishment assessed did not exceed the punishment recommended by the prosecutor and agreed to by the defendant; therefore, the trial court's certification accurately reflects that the criminal case is a plea-bargain case. *See* TEX. R. APP. P. 25.2(a)(2). Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d). It is therefore ORDERED that these appeals will be dismissed pursuant to rule 25.2(d) of the Texas Rules of Appellate Procedure unless appellant causes an amended trial court certification to be filed in each of these appeals by July 20, 2015, showing appellant has the right of appeal. *See* TEX. R. APP. P. 25.2(d); 37.1; *see also Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005); *Daniels v. State*,110 S.W.3d 174 (Tex. App.—San Antonio 2003, no pet.). All other appellate deadlines are SUSPENDED pending our resolution of the certification issue.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 23rd day of June, 2015.



Keith E. Hottle
Clerk of Court